UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LUTHER W. JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14CV59 HEA |
| | ) |
| DEAN MINOR, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Luther Johnson (registration no. 23533), an inmate at Boonville Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $17. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the portions of the complaint that fail to state a claim.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $84, and an average monthly balance of $70. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. The events in the complaint occurred when plaintiff was incarcerated at Moberly Correctional Center ("MCC"). Named as defendants are Dean Minor (Warden, MCC), Lee Ann Barry (Print Shop Supervisor, MCC), and Maxie Schrupf (Print Shop Supervisor, MCC). Plaintiff sues defendants in their individual capacities.

Plaintiff alleges that he was the lead porter at the Moberly print shop from December 2012 through June 2013. He claims that in June 2013 defendant Schrupf commanded him to wash the upper windows in the print shop by stepping into a metal basket attached to a forklift so that he could be elevated twenty feet into the air. Plaintiff had been washing the windows with an extension pole, which he says is the normal way to do it. Plaintiff refused to get into the basket, telling Schrupf he could not do it because of his fear of heights and advanced age. Plaintiff is sixty-six years old. Plaintiff's younger partner readily agreed to get into the basket and then cleaned the upper windows.

Plaintiff complained to Schrupf's supervisor, defendant Barry. Barry told him to "stop whining."

As he left Barry's office, plaintiff was approached by Schrupf, who yelled at him about not getting in the basket. Schrupf then "took a drag off his cigarette and thumped the lit cigarette directly at plaintiff."

Plaintiff asked Barry to file a complaint and fax it to the administration building because he "feared reprisal" from Schrupf. Barry gave him a blank complaint and told him to fill it out. He did, and he returned it to her.

Plaintiff alleges that Barry never filed his complaint but that she gave it to Schrupf instead. Plaintiff says Schrupf then filed his own complaint and fired plaintiff from his print room job. Plaintiff made $60 per month in the print room. His new job pays $8.50 per month.

Plaintiff says defendant Minor denied him due process because he did not interview plaintiff's witnesses. Plaintiff also asserts that Minor should have disciplined Schrupf and Barry.

## Discussion

The complaint states a plausible claim for retaliation against defendants Schrupf and Barry. As a result, the Court will order the Clerk to issue process on the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendant Minor was directly involved in or personally responsible for the alleged violations of his constitutional rights. See George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). As a result, the complaint fails to state a claim against Minor.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendants Lee Ann Barry and Maxie Schrupf.

**IT IS FURTHER ORDERED** that defendant Dean Minor is **DISMISSED** from this action without prejudice.

A Partial Order of Dismissal will be filed with this Memorandum and Order.

Dated this 12th day of June, 2014.

                                                  HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE