# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| LUTHER JOHNSON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 2:14CV59 HEA |
| ) | |
| MAX SCHROFF and LE ANN BERRY, ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, who currently is incarcerated at the Booneville Correctional Center in Booneville, Missouri, has filed *pro se* this civil action pursuant to 42 U.S.C. § 1983, seeking relief for claimed violations of his federally protected rights while he was confined at the Moberly Correctional Center, in Moberly, Missouri. The remaining Defendants are Max Schroff, formerly employed as a supervisor in the Moberly print shop and LeAnn Berry, a Service Manager I at the print shop at the Moberly Correctional Center.

Previously, this Court granted Defendants' motion to dismiss certain other defendants and claims. Plaintiff's remaining claim is against Defendants Schroff and Berry for retaliation. Currently pending before this Court is Defendants' motion for summary judgment, [Doc. No. 44].

**Standard of Review**

Pursuant to Fed.R.Civ.P. 56(a), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." *See generally Van Wyhe v. Reisch,* 581 F.3d 639, 648 (8th Cir.2009); *Mason v. Correction Medical Services, Inc.,* 559 F.3d 880, 884–85 (8th Cir.2009). In applying this standard, the Court must view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Recio v. Creighton University,* 521 F.3d 934, 938 (8th Cir.2008) (citation omitted).

The inquiry performed is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "The nonmoving party must show the existence of facts on the record which create a genuine issue." *Larson v. Kempker,* 414 F.3d 936, 939 (8th Cir.2005) (citing *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995)). An "adverse party may not rely merely on allegations or denials, but must set out specific facts—by affidavits or other evidence—showing [a] genuine issue for

trial." *Tweeton v. Frandrup,* 287 F. App'x 541, 541 (8th Cir.2008) (citing Fed.R.Civ.P. 56(e)).

## Undisputed Issues of Fact

Plaintiff was employed as the lead porter in the Moberly print shop from December 2012 to June 2013. On June 1, 2013, Plaintiff was told by Russell Stansbury ("Stansbury"), the lead supervisor in the print shop, that all the windows in the print shop needed to be washed inside and out in the coming weeks.

On June 12, 2013, Mr. Stansbury and Plaintiff's regular supervisor were absent, and therefore, Defendant Schroff was Plaintiff's acting supervisor.

Defendant Berry was present in the print shop on June 12, 2013. At that time, Defendant Berry was an intermediate level supervisor with authority over Defendant Schroff and Plaintiff's regular supervisor, but below that of Mr. Stansbury. On June 12, 2013, Defendant Schroff directed Plaintiff and his fellow porter, Terry Nesbitt ("Nesbitt"), to begin washing the windows in the print shop. Plaintiff and Mr. Nesbitt began washing windows using a pole, but Mr. Schroff directed that they cease using the pole, and instead, wash the windows from a metal basket attached to a lift. Plaintiff claimed he was afraid of heights, and refused to wash the windows from the lift as directed by Defendant Schroff. Mr. Nesbitt was willing to go up in the lift to wash windows. Defendant Schroff

contends that the pole used by Plaintiff to clean the windows was leaving streaks, and therefore, was not a satisfactory method of cleaning the windows. However, Plaintiff disputes Defendant Schroff's contention, and alleges there was no good reason to require Plaintiff and Mr. Nesbitt to wash the windows from the lift.

Defendant Schroff directed that Plaintiff comply with his directive, and Plaintiff refused. Plaintiff complained to Defendant Berry several times that Defendant Schroff was "harassing" Plaintiff and "lecturing" Plaintiff on how to do his job, and that Defendant Schroff had directed Plaintiff to go up in the lift to wash windows, but Defendant Berry did not intervene on Plaintiff's behalf.

In the late morning, Plaintiff decided to shut down the window washing operation because the sun was intense and he had two weeks to complete the job. Defendant Schroff did not object to Plaintiff and Mr. Nesbitt shutting down the window washing operation on June 12, 2013; however, while Plaintiff and Mr. Nesbitt were packing up their supplies, Defendant Schroff told Plaintiff something to the effect of "I want to see you in that basket next time." Plaintiff again told Defendant Schroff that he would not go up in the basket. Plaintiff complained again to Defendant Berry about Defendant Schroff, and asked Defendant Berry to write an interoffice communication, or "IOC," to her superiors, informing them that Defendant Schroff was making unreasonable requests of Plaintiff.

4

Defendant Berry declined to write an IOC for Plaintiff, but provided Plaintiff with a blank IOC form to write an IOC for himself.

Defendant Schroff also submitted an IOC, and the IOCs written by Plaintiff and Defendant Schroff were conveyed "up front" to the Major's office.

Plaintiff was terminated from his job in the print shop in the afternoon on June 12, 2013.

Both Defendants deny making the decision to terminate Plaintiff's print shop employment, and Plaintiff has not presented any documentation establishing the contrary.

Plaintiff never went up in the basket to wash windows as directed by Defendant Schroff.

By his own account, Plaintiff's health is "pretty fair." Plaintiff never requested or received any "lay-in" or other documentation from medical staff to support his claim that he was afraid of heights, or that he had a limited ability to safely perform any particular task.

## Discussion

To state a claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). In order to prevail under Section 1983, Plaintiff

must show that Defendants acted under the color of state law; and the alleged wrongful conduct deprived Plaintiff of a constitutionally protected federal right. *Palmore v. City of Pac.*, 851 F. Supp. 2d 1162, 1168 (E.D. Mo. 2010). Additionally, Plaintiff must demonstrate that each official violated the Constitution through his own individual actions. *Ashcroft,* 556 U.S. 662, 676. *Rosenthal v. Missouri Dep't of Corr.*, No. 2:13-CV-04150, 2016 WL 705219, at *11 (W.D. Mo. Feb. 19, 2016).

Plaintiff presents no evidence that Defendants were personally involved in the termination of his job at the print shop. Defendant Schroff submitted his affidavit in which he avers he did not make the final decision to terminate Plaintiff's print shop employment. Likewise, Defendant Berry avers that she did not terminate Plaintiff's employment at the print shop. Liability under section 1983 requires some personal or direct involvement in the alleged unconstitutional action. *See e.g., Ripon v. Ales,* 21 F.3d 805, 808–09 (8th Cir.1994). Because Plaintiff has failed to submit evidence that either Defendant was personally involved in the depravation of his constitutional rights, Defendant's motion is well taken.

Plaintiff's claim also fails on other grounds. To succeed on his § 1983 retaliation claim, Plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against him

6

that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir.2004), *cert. denied,* 546 U.S. 860. Plaintiff's claimed damage, losing his print shop job does not rise to the required level necessary to succeed. *See Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir.1999) (per curiam) (standard of review). Plaintiff does not have a constitutional right to a particular prison job or classification. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir.2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job); *Hartsfield v. Dep't of Corr.,* 107 Fed.Appx. 695, 696 (8th Cir.2003) (unpublished per curiam) (no liberty interests in particular classification); *Sanders v. Norris*, 153 F. App'x 403, 404 (8th Cir. 2005); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned to a particular job.); *Lyon v. Farrier,* 727 F.2d 766 (8th Cir.1984); *Peck v. Hoff,* 660 F.2d 371 (8th Cir.1981).

**Conclusion**

For the reasons explained above, and having considered Plaintiff's evidence, arguments, and claims, the Court finds that this case presents no unresolved issue of material fact and that Defendants are entitled to judgment as a matter of law. Therefore, this Court will grant Defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [Doc. No 41] is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 1st day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE